886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald K. CARLSON, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; Norman Brown; A. Perrin; Officer
McCormick; Herbert B. Grinage, Defendants-Appellees.
 No. 89-1249.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Donald K. Carlson appeals the summary judgment for the defendant prison officials in this civil rights action filed under 42 U.S.C. Sec. 1983. Carlson alleged that he was not afforded a timely disciplinary hearing following his confinement in administrative segregation on a charge of possessing a knife. The district court concluded that the undisputed material facts reveal no constitutional violation. Upon consideration, we conclude that summary judgment was proper.
 
 
 3
 Summary judgment is proper "if the pleadings ... show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). We review the grant of summary judgment de novo. Berlin v. Michigan Bell Tele. Co., 858 F.2d 1154, 1161 (6th Cir.1988).
 
 
 4
 Plaintiff's claim does not arise to the level of a constitutional violation. Plaintiff was charged with possession of a deadly weapon, but the disciplinary charge was dismissed after the disciplinary hearing was convened four days after it had been scheduled with plaintiff's consent. The four day delay between the scheduled hearing and the dismissal of the charge simply did not deprive plaintiff of due process. See Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987). Thus, summary judgment for defendants was proper.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.